UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON CELESTINE**                                **CIVIL ACTION**

**versus**                                         **NO. 04-1821**

**STATE OF LOUISIANA**                             **SECTION: "N" (6)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28

U.S.C.§ 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE AS UNTIMELY.**

Petitioner, Byron Celestine, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On November 4, 1997, he was convicted after a jury trial of the crime of theft of goods valued over $100 but less than $500, a violation of La. R.S. 14:67.10.[2]  On July 30, 1998, he was sentenced as a multiple (fourth) offender to a term of twenty (20) years without benefit of probation, parole, or suspension of sentence.[3]  On May 10, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence.[4]  The Louisiana Supreme Court then denied his related writ application on April 12, 2001.[5]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

[2] State Rec., Vol. 1, Transcript of Trial and Minute Entry, both dated 11/4/97, Orleans Parish Criminal District Court, Case # 391-842 Section "F".

[3] State Rec., Vol. 1, transcript of sentencing dated July 30, 1998 and docket master entry of the same date.

[4] *State v. Celestine*, 761 So.2d 828 (La. App. 4th Cir. 2000) (No. 99-KA-2332); A copy of the opinion can be found in State Rec., Vol. 1.

[5] *State v. Celestine*, 790 So.2d 4, (La. 2001) (No. 2000-K-1660). A copy of the decision can be found in State Rec., Vol. 1.

On July 15, 2002, petitioner filed with the state district court an application for post-conviction relief.[6] After a hearing on the post-conviction application was held on August 13, 2002, the state district court denied the application that same date.[7] Petitioner's related writ application was filed with the Louisiana Fourth Circuit Court of Appeal on September 12, 2002 and denied on October 1, 2002.[8] A request for review of this decision by the Louisiana Supreme Court was denied on September 5, 2003.[9]

On July 1, 2004, petitioner filed the instant federal application for *habeas corpus* relief. In support of his application, petitioner claims that 1) the jury erred in finding him guilty of theft in an amount between $100 and $500 (insufficiency of evidence); 2) The trial court erred in denying the motion for new trial; 3) the trial court erred in finding him to be a multiple offender; 4) the trial court erred in denying a motion to reconsider sentence; 5) the sentence imposed was excessive; and, 6) he received the ineffective assistance of counsel during the multiple offender hearing.[10] The state argues that petitioner's federal application is untimely.[11] The state is correct.

---

[6] State Rec., Vol. 2.

[7] State Rec., Vol. 2, Transcript of post-conviction hearing before Judge Waldron dated August 13, 2002. Celestine was represented by Attorney Kevin Boshea for his post-conviction proceedings in the trial court.

[8] *State v. Celestine*, No. 2005-K-1862 (La. App. 4th Cir. Oct.1, 2002); State Rec., Vol. 2.

[9] *State v. Celestine,* 852 So.2d 1020 (La. 2003) (No. 2002-KP-2658); State Rec., Vol. 1.

[10] Rec. Doc. 2.

[11] Rec. Doc. 8.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's federal application, the Court finds that subsections (B), (C), and (D) are clearly inapplicable.

Accordingly, subsection (A) is applicable in the instant case. As noted, that subsection provides that a petitioner's federal application must be filed within one (1) year of the date on which the petitioner's underlying criminal judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review. In the instant case, on April 12, 2001, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction and sentence. Therefore, under § 2244(d)(1)(A), petitioner's underlying criminal judgment became "final" ninety (90) days later, i.e. on July 11, 2001, when his period expired for seeking a writ of certiorari from the United States Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Chester v. Cain*, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); *see also* U.S. Sup. Ct. R. 13(1). Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on July 11, 2002, unless that deadline was extended through tolling.

        The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no applications attacking this conviction or sentence pending before any state court at any time from July 11, 2001, through July 11, 2002.[12] Petitioner's one year federal limitations period thus expired without being tolled for any pending state post-conviction application.[13]

---

[12] Petitioner dated and signed his first state post-conviction application on July 15, 2002.

[13] Although it appears that petitioner barely missed the filing deadline since his state post-conviction application was filed on July 15, 2002, it is worth noting that such is not the case. Even

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

---

if petitioner had filed his state post-conviction proceedings by the July 11, 2002 deadline, he then allowed more than 9 additional months to pass after completing his state post-conviction process before filing his federal application. The last state ruling occurred on September 5, 2003 and the federal habeas petition was not signed by petitioner until July 1, 2004.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Byron Celestine be **DISMISSED WITH PREJUDICE AS UNTIMELY**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __8th__ day of April, 2008.

          **LOUIS MOORE, JR.**
          **UNITED STATES MAGISTRATE JUDGE**