UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRON CELESTINE**                         **CIVIL ACTION**

**VERSUS**                                  **NO. 04-1821**

**LYNN COOPER, WARDEN**                     **SECTION: "N"(6)**

### REPORT AND RECOMMENDATION

On August 7, 2008, the United States Fifth Circuit Court of Appeals remanded this matter to the district court for a determination of whether petitioner's notice of appeal was timely filed.  *See* Rec. Doc. 18.  On August 25th, 2008, the United States District Judge referred the matter to the undersigned to determine from the prison mail logs or other evidence when petitioner placed his notice of appeal in the prison mail system. *See* Rec. Doc. 19. On August 25th, 2008, the undersigned Magistrate Judge ordered petitioner and the State of Louisiana, through the District Attorney's Office for the Parish of Orleans, to provide the court with evidence of the mailing date of petitioner's notice of appeal. (Rec. Doc. 20). The State has responded to the court's Order (see discussion below), however, petitioner has not provided this court with any

evidence regarding the date when he mailed the notice of appeal.

The Court of Appeals noted that petitioner's notice of appeal should be considered timely filed if he deposited it in the prison's internal mail system on or before June 2, 2008.

On September 23, 2008, the State of Louisiana, through the Orleans Parish District Attorney's office, filed a supplemental response to the court's Order indicating that the Avoyelles Correctional Center no longer keeps prison mail logs. The State, therefore, submitted a sworn affidavit attesting to the policies of the Avoyelles Correctional Center's mailing system (*See* Affidavit of Master Sergeant Debra Mitchel, attached to Rec. Doc. 22).  In the affidavit, Master Sergeant Mitchel indicated that all prisoner mail is sent to the mailroom, processed and mailed out on the same day that the mailroom receives it.  Furthermore, the affiant attests that the meter date on the envelope is the date it was mailed out by the sender.

The record before this court indicates that petitioner's notice of appeal was signed and sworn before two witnesses and a notary on May 28th, 2008. The notice of appeal was received by this Court on June 6, 2008 in an envelope bearing a postage

meter stamp, presumably applied by prison officials, which is dated June 4th, 2008.[1] Based upon the evidence submitted by the state, specifically the affidavit of Master Sergeant Mitchel, it appears that petitioner placed his notice of appeal in the prison mail system on June 4th, 2008.[2]

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the district court accept the date of June 4th, 2008 as the date when petitioner, Byron Celestine, placed his notice of appeal in the prison mailing system for mailing to the court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party

---

[1] The mailing envelope is actually stamped several times, making it difficult but not impossible to determine the meter date. Close inspection of the envelope shows that the meter date of June 4th, 2008 appears twice on the envelope.

[2] Thus it appears that petitioner's notice of appeal is untimely in that it fails to meet the June 2, 2008 deadline as determined by the U.S. Fifth Circuit Court of Appeal in its letter of remand. *See* Rec. Doc. 18.

has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 1st day of October, 2008.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE